## MOORE et al. v. DICKSON.

No. 10368.

Court of Civil Appeals of Texas. Galveston.

Feb. 19, 1937.

280

N. P. Reid, of Wharton, for appellant J. L. Moore.

Isaac Garrett, of Wharton, for appellant N. P. Reid.

Cline & Cline, of Wharton, for appellee.

CODY, Justice.

The appellee, D. A. Dickson, landlord of appellant J. L. Moore, sued Moore in the county court for advances he made to Moore during the years 1934 and 1935 and to foreclose his landlord's lien on certain cotton. He also alleged a lien on certain cotton certificates, issued under the Bankhead Act (48 Stat. 598), and asked that Moore and his attorney, N. P. Reid, be restrained from disposing of said certificates, and later changed his suit with reference to the certificates for the value thereof, alleging the conversion of such certificates by Moore and his attorney, Reid.

The cause was submitted to a jury on special issues, who found that Moore owed Dickson $157.45; and that the value of the certificates was $102.15; and that Reid was liable to Dickson for the value of the certificates: The court entered judgment for Dickson for $157.45 against Moore, and for $102.15 against Reid, but limited the recovery that Dickson was entitled to receive under the judgment to $157.45, and provided that the payment of $102.15, or any part of it, should reduce the amount due on the judgment of $157.45 pro tanto. Moore and Reid prosecute separate appeals.

We have carefully read the briefs of the parties, the transcript, and statement of facts. It seems that Dickson levied a distress warrant on three bales of cotton and dispossessed Moore thereof, but Moore refused to surrender the certificates issued to him under the Bankhead Act to tag the cotton with, and transferred them to his attorney, Reid, and both Moore and Reid refused to surrender them. The tax then being collected on cotton, not having these prescribed tags, was 50 per cent. of its value.

From appellee's brief it appears that his claim of right to the certificates involved is based on the theory that "they were an incident to the crop and necessary to the sale thereof, and the tagging of the cotton was in contemplation of the parties at the time the relationship of landlord and tenant arose, and their diversion by Moore and his attorney, Reid, from the Cotton of Moore and Dickson, forced Dickson to buy other certificates before said cotton could be sold." Appellee has not referred us to any authorities for his proposition that it was obligatory on Moore, after his cotton had been distrained for rent by his landlord, to turn over his certificates to his landlord also.

From the evidence quoted in the briefs and from that appearing in the statement of facts, there is no showing that the title to the certificates was not vested in Moore. There is nothing to show that the certificates were a mere "incident" to the cotton involved. We presume that appellee means by this that they were a mere incident to the cotton in the sense that a lien is a mere incident to a debt which it secures. It appearing that the possession of the certificates was in Moore, and it appearing that they were issued to him, it follows that the title thereto was in him, unless the contrary be made to appear. The contrary was not made to appear, and it was possible for Dickson to sell his cotton, after paying the 50 per cent. tax thereon, without the certificates, and we can see no just ground for assuming that the title to the certificates passed to Dickson when the title to the cotton passed to him. In order for there to have been a conversion of the certificates by Moore and Reid, they must first have been shown to have been the property of Dickson. This the evidence failed to do, and we cannot agree with appellee that the title to such certificates passed to Dickson as a matter of law. We must therefore hold that the judgment was in error, in so far as it awarded damages to appellee for the value of the certificates.

In the confused state of the record, we do not feel justified in deducting from the recovery in this case the amount of the value of the certificates, and affirming the judgment, because there are some implications to be found in the record that; had appellee not considered that he had a right to hold Moore for the conversion of the certificates, he might have urged other items against him. We therefore think it proper to remand the cause for a new trial, to give appellee an opportunity to fully develop his case, divested of the theory that he could hold the appellants in damages for the value of the certificates.

There are other questions raised in the case which are not necessary to its disposition, and which will probably not occur in a new trial.

Being of the opinion that the trial court erred in the respect herein pointed out, and

that the judgment should be reversed and the cause remanded for a new trial, it is so ordered.

Reversed and remanded.